# STATE OF FLORIDA v. CONNOLLY

### Case No. 85-9637MM10

County Court, Broward County

September 5, 1985

### APPEARANCES OF COUNSEL

**Marlene Wells,** Assistant State Attorney, for plaintiff.

**J. David Bogenschutz, Kay and Bogenschutz, P.A.,** for defendant.

### OPINION OF THE COURT

WILLIAM W. HERRING, County Judge.

This cause having come on to be heard on August 20, 1985 on the Defendant Connolly's sworn motion to dismiss, submitted under Rule 3.190(c)(4), Fla. R. Cr. P., and the Court having considered the motion, traverse and argument thereon, and granted the motion at the hearing's conclusion, it is

ORDERED AND ADJUDGED that the Defendant, James J.

Connolly's, Rule 3.190(c)(4) sworn motion to dismiss is granted with prejudice on the merits, the Defendant being forever discharged from further prosecution for the involved offense, driving while driver's license suspended, proscribed by Section 322.34, Florida Statutes, the Court making the following findings of fact-conclusions of law:

1. The underlying cause for the suspension of the Defendant's driver's license in 1982 was for violation of the implied consent law; i.e., he unlawfully refused to submit to a breathalyzer test on being arrested for DUI.

2. The State's *only* evidence that Defendant was notified of that three-months' suspension, an essential element of the crime charged, is documentary evidence (almost invariably the only way to prove notification as there was no admission from which notice could be inferred—a defendant must confront and cross-examine and impeach that documentary evidence, as an otherwise valid "public records" exception to the hearsay rule, to successfully defend as to the issue of notification), being the Defendant's driving record with the notation thereon that notice of the suspension was given by certified mail, see Sections 322.251 (1 and 2), Florida Statutes.

3. Defendant Connolly, by his motion, averred that he did *not* receive the notice prescribed by the above statute, evidence that was *not* rebutted by the State in its traverse.

4. The involved two statutory subsections at first blush appear to create and establish a conclusive presumption of notification, once the statutory requirements are met; "(1) . . . *Such mailing by the department shall constitute notification*, and any failure by the person to receive the mailed order shall not affect or stay the effective date or term of the . . . suspension . . . of the licensee's driving privilege. (2) The giving of notice and an order of . . . suspension . . . by mail is complete upon expiration of 20 days after deposit in the United States mail. Proof of the giving of notice and an order of . . . suspension . . . shall be made by entry in the records of the department that such notice was given. *Such entry shall be admissible in the courts of this state and shall constitute sufficient proof that such notice was given.*" (emphasis added). However, the notification language in subsection (1) deals only with the legal effectiveness of the underlying suspension, not the sufficiency of proof of notification as an essential ingredient of the crime of driving while license suspended, and the latter quoted and emphasized language in subsection (2), stating that the driving record with the entry thereon that the required notice was given is

"admissible" and constitutes "sufficient proof" of notice, to be given a saving, constitutional construction, must be treated as creating a prima facie, *rebuttable* presumption. Decisions of the United States Supreme Court have consistently and unvaryingly made it clear that there are *no* constitutional, conclusive presumptions in the criminal law relative to proof of an essential element of a crime.

5. Defendant's affidavit, averring that he did not receive notice of the suspension, effectively rebuts and refutes the involved statutory, rebuttable presumption. The State *cannot* contradict that sworn assertion of fact, and the Court would have to find-conclude as *a matter of law* that Defendant was unworthy of belief, to rule that the presumption has not been effectively rebutted. The Court at trial, whether by judge or jury, would be legally obliged to grant the Defendant's motion for judgment of acquittal, made at the conclusion of all the evidence.

6. The Court well realizes the potential for abuse, in that an accused charged with driving while license suspended, revoked or cancelled may simply perjure himself or herself and thus unfairly win an acquittal, one amounting to a fraud on the court. However that problem, admittedly a thorny and troublesome one, may be effectively obviated by requiring the State to do *no more* than a civil plaintiff must do to perfect service, substituted service, on an out-of-state civil defendant. In the latter situation, under Section 48.161, Florida Statutes, substituted service is in material part effected by service of the suit papers on the defendant by certified mail, return receipt requested. The return receipt, signed by the defendant, must be made a part of the court file, *or* the envelope, marked "refused", must be. In the criminal case, the State on rebuttal could proffer into evidence either document, thereby impeaching the defendant's denial of receipt of notice. Timely disclosure of such evidence to the defense should have a chilling effect on any anticipated perjurious testimony. If not, then that's what perjury prosecutions are for. (If this Court be wrong, then proof that would not withstand a motion to quash service of process in a civil case is inexplicably sufficient to withstand a motion for judgment of acquittal in a criminal case, with a higher standard of proof.)

7. The method of proof above suggested by the Court has *never* to its knowledge *ever* been employed by the State in County Court in Broward County, and the Court speaks from nearly eight-years' experience on the County Court bench. The State has nowhere asserted, in its traverse or otherwise, that it intends to utilize that mode of proof. Indeed, it is pellucid that the State relies *solely* on

**63**

the involved statutory, rebuttable presumption. Were the State to employ such method of proof, the Court's ruling would have gone the other way, as mandated by controlling case law.